Date signed June 11, 2009



**PAUL MANNES**
**U. S. BANKRUPTCY JUDGE**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| RAYMOND H. TWINE | : | Case No. 08-19001PM |
| GLORIA D. TWINE | : | Chapter 13 |
| | : | |
| Debtors | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

| | | |
|---|---|---|
| RAYMOND H. TWINE | : | |
| GLORIA D. TWINE | : | |
| NANCY SPENCER GRIGSBY, Trustee | : | |
| Plaintiffs | : | |
| vs. | : | Adversary No. 09-0134PM |
| | : | |
| TOWER FEDERAL CREDIT UNION | : | |
| Defendant | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION

This case comes before the court on the Plaintiffs' Motion for Leave to File a Second Amended Complaint, the Defendant's opposition thereto, the Defendant's Motion to Dismiss the Amended Complaint, and Plaintiffs' response thereto.  For the reasons stated herein, the court will deny the Motion for Leave to File a Second Amended Complaint and will grant the Motion to Dismiss all but Count II of the Amended Complaint.

The parties thoroughly briefed the issues presented.  In the Motion for leave to File a Second Amended Complaint, the Plaintiffs stated that after reviewing the Motion to Dismiss, they wish to withdraw all counts except Count II and to substitute counts based upon negligence and gross negligence in place of the withdraw counts.  The difficulty with these negligence

counts is that they are merely a restatement in different dress of claims alleged in the Amended Complaint under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. ("GLBA")  Courts have held time and time again that there is no private cause of action for violation of the Act.  *See, Dunnmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960-61 (CA8 1007); *In re French*, 401 B.R. 295, 304 (BC E.D. Tenn. 2009); *In re Newton* (BC M.D. Ala), 2009 WL 277437.  Putting the GLBA claims in negligence terms is merely an exercise of pouring old wine into new bottles.

Plaintiffs also urge that the Defendant violated its fiduciary duty to them when it filed the offending proofs of claim.  Even were the court to find that a fiduciary duty existed between the creditor and its debtors, there is no independent tort for breach of fiduciary duty in Maryland. *See generally, Kann v. Kann*, 690 A.2d 509, 520-21 (Md. 1997); *Swedish Civil Aviation Administration v. Project Management Enterprises, Inc.*, 190 F.2d 785, 797 (D. Md. 2002).

Appropriate orders will be entered in accordance with the foregoing.


cc:
Laura J. Margulies, Esq., 6205 Executive Blvd., Rockville, Md 20852
Mark F. Scurti, Esq., 901 Dulaney Valley Road, Suite 400, Towson, MD 21204

**End of Memorandum**